FILED _____ ENTERED
LOGGED _____ RECEIVED

NOV - 3 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# COMPLAINT

## UNITED STATES DISTRICT
## DISTRICT OF MARYLAND

David C. Andrews
30420 Revells Neck Rd
Westover, Md. 21890

Wicomoco County States Attorny's Office
309 E. Main St.
Salisbury, Md. 21803

*David C. Andrews*

*Plaintiff*

v.                                                           Case N._____

**State of Maryland**

*Respondent*

---

David C. Andrews, Applicant, pursuant to Habeas Corpus Petition under 28 U.S.C 2254.

## STATEMENT OF FACTS

1. Petitioner is currently confined at: Eastern Correctional Institute Located at: 30420 Revells Neck Road Westover, Md 21890

   Identification Number: 490859/330059

2. Place and date of trial: <u>October 12, 2011; Circuit Court for Wicomico County Maryland, 101 North Division Street</u>

3. Date of Sentencing: <u>October 24, 2011</u>

4. Trial Attorney: <u>Chasity Simpson</u>

5. Presiding Judge: <u>Newton Jackson III</u>

6. Appeal information, issues raised on appeal and rulings: <u>None</u>

7. Date(s) of Post-Conviction Hearing: <u>June 4, 2021</u>

8. Name of Post-Conviction Judge: <u>S. James Sarbanes</u>

9. Allegations raised on Post-Conviction:

   a) <u>Petitioner's guilty plea is invalid because it was induced by an unenforceable promise that was ultimately not fulfilled.</u>

   b) <u>Petitioner was denied effective assistance of counsel in that his trial counsel erroneously advised him that if he accepted the plea offer in state court, the Federal government would not prosecute him.</u>

   c) <u>Petitioner was denied effective assistance of counsel when his trial counsel did not intervene when terms different than what she conveyed to petitioner were announced on the record before the plea was entered.</u>

## **REASON(S) THAT THE CIRCUIT COURT ERRED IN DENYING APPLICANTS PETITION FOR POST CONVICTION RELIEF:**

1) Trial counsel did as such advise Petitioner that as per the agreement; as represented by the state, that should the Defendant accept this agreement the USAO would not prosecute, pursuant to **State v Parker**, 334 Md. 579 (1994)

2) Petitioner's guilty plea, therefore, was not voluntary, pursuant to **Johnson v State**, 40 Md. App, 591, 597 (1978)

3) Petitioner's plea was induced by a promise not kept, thereby, rendering his plea involuntary Id (**Johnson v State**)

4) Petitioner's plea was not entered knowingly, intelligently, and voluntarily as petitioner lacked vital information regarding the agreement, as presented by the State. The Post-Conviction hearing clearly establishes the facts as represented by the Petitioner.

5) Petitioner therefore, does argue that his plea agreement is invalid and must be vacated pursuant to **Rojas v State**, 52 Md. App, 440, 444 (1982) " When plea agreement is unenforceable the appropriate remedy is to vacate entirely."

6) Trial counsel Chasity Simpson did advise Petitioner as to her complete ignorance regarding the Federal Legal Justice system, and therefore, did recommend that petitioner either take his chances with the fed's or accept the plea agreement as is.

7) Petitioner's true desires were to pursue an Affirmative Defense position, as permitted under the law by the charging statute. Trial counsel adamantly refused to pursue Petitioners desired defense, and proceeded towards the plea agreement against petitioner's wishes.

8) Petitioner is; therefore, forced to wonder; if the State was not, as they claimed, satisfied with outcome, the State should have immediately, at that moment, proceeded to forward said case to the Federal Prosecutors; in the manner they claimed they would, NOT rather; in fact, wait four (4) years to do so.

9) Whereby, upon the inaction of the States for the duration of Four (4) years Post-Conviction, the presumption against the States implied dis-satisfaction would, therefore, fall to the Petitioner.

10) As such, Petitioner is led to posit that court how long, and how far, does satisfaction go? Into perpetuity? When, at what point, is one ever truly satisfied?

11) The State represented in court that "So long as the State is satisfied with the resolution "<u>TODAY</u>" they [the Federal Government] would not prosecute the defendant in Federal Court." (emphasis added) NOT, one, two. Three or more year's later but rather, satisfied today.

12) Contrary to remarks as made by the Post-Convictions presiding Justice S. James Sarbanes, Petitioner, did, in fact, confer with trial counsel off the record concerning differing convictions as read at the hearing. Trial counsels choose not to pursue the issue further.

13) Petitioners hesitancy to plea guilty; of which, is heard on the record at the following transcript location [TR. At 7:24-25 and 8:1-2] continued until trial counsel; of whom was clearly upset with petitioner, did off the record persuade petitioner to continue as previously agreed to.

14) Trial Counsel is on the record June 4, 2021 stating that" had she to do it all over again she would have in fact advised petitioner to proceed with Trial."

15) In response to comment as made by presiding Justice as presented in the Post-Conviction opinion. Petitioner is clearly on the recorded June 4, 2021 declaring he had in fact asserted his position to his Federal Public Defender one Scott Carter- Elder Esq. that there was an agreement in place that to his knowledge stated that he would not be prosecuted for the 2011 if he had plead

guilty. Petitioner then directed his Federal Trial Counsel to investigate his claims to the fullest.

16) Petition was forced to rely upon the Federal Trial Counsel to proceed as directed, and reach out and confer with Ms. Simpson, thereby, receiving from her a copy of the plea agreement and transcripts.

17) Federal Trial Counsel disregarded petitioners wishes and ONLY retrieved transcripts; of which, do NOT represent the story in its entirety.

18) Justice Sarbanes being on record June 4, 2021 did comment to Post-Conviction Counsel, one Rachael Krane Esq., clearly stating that he in fact did see ineffective assistance of counsel and one more vital element. Thereby, showing clear advantage at that moment towards the petitioner.

19) Justice Sarbanes did render his Post-Conviction decision on August 22, 2022 just Two (2) days prior to petitioners Criminal Trial; of which, was held August 24th in the Wicomico County Circuit Court, presided over by a fellow Justice of the bench.

20) Petitioner does hereby state for the record, that the following information was relayed to him via Criminal Defense Counsel; one David O. Weck, of whom did, remain in contact with petitioners Post-Conviction Counsel throughout its entire process.

21) On August Mr. Weck did as such render unto the petitioner such information as to the concerns; as held by Madam Krane, regarding the peculiar timing of the court, as they relate to the release of the post-convictions Opinion and Ruling of the court.

22) Petitioner did motion the court Four (4) months prior for the court to render a decision pursuant to Maryland's Constitutional Amendment section 23 "Judges to render a decision within Two (2) months of argument or submission" [1980, ch.523, Ratified Nov. 4, 1980]

23) The courts inaction did as such create an environment conducive enough to foster a biased and prejudicial ruling being levied against the Petitioner.

24) The presumption relied wholly upon the facts that Justice Sarbanes did as such between 2019 – 2022 serve as the sole administrative Justice in all but two (2) petitioners criminal proceedings, as well as, preside over petitioner's Post-conviction hearing.

25) Such a conflict, justifies petitioner bringing into question Justice Sarbanes official Judicial motivations, as they regard to the courts post-conviction Opinion and Ruling as such,

26) Petitioners declares his plea was not voluntary and,

27) Petitioner proclaims had he gone to trial the outcome would have been different as he would have been found not guilty as per the charging Statute.

## CONCLUSION

Applicant prays that this Honorable Court will grant the applicate

1) A declaration that thye acts and ommissions described herein violate his constitional rights under the constitution and the laws of the United States and,

2) Vacartwe his convition and dismiss with predjudice or,

3) Allow him to withdraw his guilty plea and order case remanded back to the lower court to be vactated, dismissed, or new Trial or,

4) Provide any other relief as law and justice require.

Dated 10/31/23

Respectfully Submitted;

David C. Andrews
490859/330059
30420 Revells Neck F
Westover, Md. 21890

## AFFIDAVIT

WHEREFOR, defendant David C. Andrews does hereby swear and affirm under penalty of perjury that all the facts as set forth herein are true and factual to the best of his knowledge, information, and belief. As of this day of

(Signature)

## CERTIFICATATE OF SERVICE

I <u>David C. Andrews</u> do herby certify that I have caused to be sent a copy of the 28 USC 2254 in a self-addressed stamped envelope VIA U.S. Mail Service to wicomico county STafas Attorney, 309 E Main St Salisbury Md 21803 on the 31 day of OcTobA 2023

DATE:

Respectfully submitted;

(Signature)
**David C. Andrews**

---

[1] I, David C. Andrews, certify that (1) I am involuntarily confined at ECF _____ (2) I have no direct access to the U.S. Postal Service or to a permitted means of electronically filling; (3) on _____ at approximately 11:00 I personally [X] deposited the attached pleading of paper for mailing in a receptacle designed by the facility for outgoing mail; or
[ ] delivered it to an employee of the facility authorized by the facility to collect outgoing mail; and
(4) The item was in mailable form with the correct postage on it.

I solemnly affirm the 31 day of october 2023 under the penalty of perjury and upon personal knowledge that the forgoing statements are true.

(Signature)